## JAMES M. GREEN v. DAVID LAKE.

1. NUISANCE. *City ordinance. Charter-power. City of Aberdeen.*

   The charter of the city of Aberdeen empowered the mayor and selectmen, by ordinance, "to regulate and prevent the carrying on of manufactories dangerous in causing or promoting fires," and "to prevent and remove all nuisances." By virtue of the power thus conferred, the following ordinance, enacted by the mayor and selectmen, is valid: "All steam grist mills, saw mills, or other machinery run by steam, contained and operated in buildings or structures wholly or in part of wood, which establishment, by reason of the defect or dilapidation of the buildings, the defective construction of the machinery, the worn-out condition of the boiler, or any other cause, are or shall hereafter become dangerous to persons or property in the vicinity, are hereby declared to be public nuisances, and liable to be proceeded against as such, according to law and the ordinances of the city of Aberdeen."

2. SAME. *Petition for abatement of steam mill. Practice.*

   A petition presented in the manner prescribed by the general ordinances of the city of Aberdeen, and based upon the ordinance above set forth, alleging that a certain steam mill within the corporate limits of the city is dangerous to persons and property in its vicinity, and especially to the petitioner's person, family, and property, because of the construction and condition of the buildings and machinery, and that it is a nuisance, which he prays to have abated, should not be dismissed on a demurrer calling in question the validity of the ordinance above quoted, but the facts alleged should be inquired into, and if established, the relief should be granted.

APPEAL from the Circuit Court of Monroe County.

Hon. J. A. GREEN, Judge.

On the 26th of August, 1881, the mayor and selectmen of

Aberdeen enacted an ordinance in the following language : —

" Be it ordained by the mayor and selectmen of the city of Aberdeen, that all steam grist mills, saw mills, or other machinery run by steam, contained and operated in buildings or structures wholly or in part of wood, which establishments, by reason of the defect or dilapidation of the buildings, the defective construction of the machinery, the worn-out condition of the boiler, or any other cause, are or shall hereafter become dangerous to persons or property in the vicinity, are hereby declared to be public nuisances and liable to be proceeded against as such, according to law and the ordinances of the city of Aberdeen."

Sect. 8, of chap. 11, of the general ordinances of the city of Aberdeen, provided that any person feeling himself aggrieved by the erection or establishment of any nuisance whatever, within the corporate limits of the city, might make complaint thereof to the mayor, who should then summon the person creating or having such nuisance to answer the complaint ; and if it should appear to the satisfaction of the mayor that the complaint was well founded, the nuisance should be forthwith staid or abated, as the case should require.

On the 14th of October, 1881, J. M. Green presented to the mayor of Aberdeen, under sect. 8, chap. 11, of the general ordinances of the city, a complaint and petition in writing, alleging in substance that since the passage of the ordinance of August 26, 1881, above set forth, David Lake, a citizen of Aberdeen, has continuously operated and caused to be operated, on a certain lot named, a grist mill run by steam, the engine, boiler, and machinery of which, are contained in buildings wholly, or in great part, of wood ; that said buildings are very old, dry and dilapidated, and the machinery is defectively constructed ; that the boiler is old and worn out, having once been burned in a fire, which destroyed the building it was then located in ; that by reason of the facts stated said steam grist mill estabishment has become, and is now, dangerous to persons and property in the vicinity thereof ; that the

petitioner is the owner of and resides in a dwelling-house situated within eighty feet of said mill establishment, and his property, person, and family, are in perpetual danger of fire and explosion from said mill establishment. The petition charges that said mill establishment is a nuisance, under the ordinances of the city, and asks "that the same be abated, staid, or removed."

Lake demurred to the petition on the following grounds, amongst others : —

"4. The City Council has no power to declare what shall or shall not be a nuisance."

"5. The City Council has no power, under its charter, to declare anything a nuisance that was not so at common law."

"6. A steam mill in a city is not a nuisance *per se*, and the City Council has no power, under its charter, to declare it a nuisance."

The mayor sustained the demurrer, and the petitioner appealed to the Circuit Court, where the judgment of the mayor was affirmed, and the petitioner appealed to this court.

The mayor and selectment of the city of Aberdeen, are vested by its charter with the power, by ordinance, "to regulate and prevent the carrying on of manufactories dangerous in causing or promoting fires," and "to prevent and remove all nuisances."

*Murphy, Sykes & Bristow*, for the appellant.

The decision in *Lake* v. *Aberdeen*, 57 Miss. 260, was avowedly and explicitly based on the absence of just such an ordinance as that of August 26, 1881, set out in the petition in this case. The court in that case expressly recognized the power of the Municipal Council to pass ordinances "to regulate and prevent the carrying on of manufactories dangerous in causing or promoting fires," "and to prevent and remove nuisances." "The city," says the court, "may have such ordinances as its charter authorizes, and a structure erected or a business conducted in violation of such ordinance, may be dealt with in accordance with the ordinance." A nuisance *per se* would require no de-

claratory ordinance to be abated, but proceedings might be had under the general ordinance, sect. 8, chap. 11, of the general ordinances of the city, to abate it as a nuisance. But where the establishment is not a nuisance *per se*, then before it can be abated as a nuisance there must be shown a general ordinance declaring, not that specific establishment, but such character of establishment nuisances. *Yates* v. *Milwaukee*, 10 Wall. 497. The sole question in this case is : is the ordinance of August 26, 1881, clearly within the provisions of the charter. Acts 1854, p. 216. The ordinance provides that when any steam mill, in wooden buildings, becomes dangerous to person and property in the vicinity by reason of dilapidation of buildings, defective or worn out machinery, etc., it is declared a nuisance, and liable to be abated as such. The charter provides that the City Council shall have power " to regulate and prevent the carrying on of manufactories dangerous in causing or promoting fires," " to prevent and remove all nuisances, " and generally " to make all ordinances and by-laws not repugnant to or inconsistent with the laws of the United States and this State, which they, the said mayor and selectmen, may deem necessary and proper for the good order, health and safety of said city and its inhabitants." It would be a work of supererogation to argue that the ordinance of August 26, 1881, is clearly within the spirit and letter of these provisions of the charter, and that the authority conferred upon the Municipal Council, by law, has not been wantonly or oppressively exercised.

*George C. Paine*, for the appellee.

It is a well established principle in this and other States, that municipal corporations can exercise only those powers that may be conferred upon them by the act by which they are constituted, or such that are necessary to the exercise of their corporate duties and the accomplishment of the purposes of their existence. See 51 Miss. 335 ; 55 Miss. 115 ; 23 Pick. 71 ; 22 Conn. 552 ; 11 Bush, 527. Being special grants of power the charters of such are to be strictly construed. See 35 Miss. 189. The charter of Aberdeen empowers the

mayor and councilmen "to prevent and remove all nuisances." This is the authority granted by the charter of Aberdeen to its officers in reference to the abatement of nuisances. This authority only empowers the mayor and councilmen "to prevent and remove all nuisances." I submit the ordinance of the 26th of August, 1881, arrogates the power to declare what shall constitute a nuisance under certain contingencies and the mode of suppressing same. · This power not being conferred upon the mayor and councilmen of Aberdeen by its charter, neither in expressed words nor necessarily or fairly implied in or incident to the powers expressly granted, stamps the ordinance as a dead letter upon the records of Aberdeen, and null and void in so far as it is applicable to appellee's rights or property. See 10' Wall. 497; 1 Dill. on Mun. Corp., sects. 55–308; 42 N. Y. 140; 57 Miss. 570; Cooley's Const. Lim., sects. 192–195; 13 Cent. L. J. 92; 2 Mich. 332. The authority given the town of Aberdeen is "to prevent and remove all nuisances;" not the power to declare what shall constitute a nuisance. It is true that the charter of Aberdeen empowers its council "to regulate and prevent the carrying on of manufactories, dangerous in causing or promoting fires;" yet I submit this power will not legalize its action in passing the ordinance of the 26th of August, 1881. A steam grist mill, operated in a wooden building, does not fall within the contemplation or purview of the spirit or intent of the charter of the town of Aberdeen.

CAMPBELL, C. J., delivered the opinion of the court.

The ordinance of the city of Aberdeen declaring certain establishments, which become dangerous to person or property in their vicinity, to be nuisances, and liable to be proceeded against according to the ordinances of the city, is free from all legal objection, and the petition of the appellant averring that the steam mill of the appellee is·dangerous to persons and property in its vicinity, because of its condition as set forth, and is therefore a nuisance, which he seeks to have judicially

ascertained and declared to be such, and abated, should not have been dismissed. The demurrer should have been over-ruled, and the facts inquired into, if controverted by the defendant. The charter of Aberdeen confers on it power to "prevent and remove all nuisances." We agree with counsel in the assertion that this grant of power does not authorize the town to declare that to be a nuisance which is not, and destroy property or interfere with individual rights improperly under the pretence of preventing or removing nuisances; but the town has the power to prevent and remove what comes within the legal notion of a nuisance, and, according to the petition in this case, the establishment complained of was a nuisance, because of its condition and surroundings.

The complaint, if denied, should be investigated, and the controversy determined according to the facts developed.

Judgment reversed, the demurrer to the petition is over-ruled, and cause remanded to the Circuit Court for further proceedings.